IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| MARID A. DEVON, | : | |
| Plaintiff, | : | **MEMORANDUM DECISION AND ORDER** |
| vs. | : | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : | Court No. 2:09-CV 00700-DAK |
| | : | Honorable Dale A. Kimball |
| Defendant. | | |

Plaintiff Marid A. Devon appeals the Commissioner of Social Security's ("Commissioner's") decision denying his applications for disability benefits under the Social Security Act ("the Act"). Upon consideration of the parties' briefs, the administrative record, the arguments of counsel, and the relevant law, the Court AFFIRMS the Commissioner's decision.

**BACKGROUND**

In April 2005, Plaintiff filed applications for disability insurance benefits and supplemental security income. He alleged a disability onset date in January 2003. He claimed that, due to anxiety and back pain resulting from a 1998 car accident, he could not maintain employment. On May 27, 2008, the administrative law judge ("ALJ") issued a decision finding that Plaintiff retained the residual functional capacity to perform work existing in significant numbers in the national economy, and therefore, was not disabled under the Act. *See* 20 C.F.R. § 404.1520. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final administrative decision for the purposes of judicial review. 20 § C.F.R. 404.981. This appeal followed.

1

**DISCUSSION**

In briefs submitted to this Court, Plaintiff alleged that the ALJ's findings were not supported by substantial evidence and, thus, this case should be remanded under sentence four of 42 U.S.C. § 405(g). At the September 17, 2010 hearing before this court, Plaintiff alleged that new evidence supports a remand of this case under sentence six of 42 U.S.C. § 405(g). . The Court finds neither of the Plaintiff's arguments persuasive. Rather, the Court agrees with the Defendant's arguments, as set forth in Defendant's Answer Brief and during the September 17, 2010 hearing.

**I.    Remand Under Sentence Four**

Judicial review of any final decision by the Commissioner is authorized, and limited, by the Act. *See* 42 U.S.C. § 405(g). Under sentence four of section 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006). This Court is restricted to the administrative record in determining whether the Commissioner's decision is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Huckabee v. Richardson*, 468 F.2d 1380, 1381 (4th Cir. 1972). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d); 1382c(a).

**A.    Plaintiff's Credibility**

Contrary to the Plaintiff's argument, the ALJ's decision demonstrates that he considered

the relevant factors and makes sufficiently clear his basis for discrediting Plaintiff. *See* 20 C.F.R. § 404.1529; Social Security Ruling ("SSR"), 96-7p, 1996 WL 374186, *4. Accordingly, this Court defers to the ALJ's credibility finding. *Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1988) (a reviewing court generally treats an ALJ's credibility determinations as binding where supported with specific, legitimate reasons).

     In assessing the credibility of Plaintiff's testimony, the ALJ considered inconsistencies between the Plaintiff's statements and the rest of the evidence in the record, the objective medical evidence, Plaintiff's daily activities, the effectiveness of treatment, and personal observations. Plaintiff did not make "consistent reports" to treating sources of pain upon prolonged sitting. Rather, in 2006, Plaintiff had indicated that he only experienced back pain when he had an anxiety attack. Further, the ALJ found that the medical records did not support Plaintiff's allegations of a "recent decline" in his condition. The medical evidence demonstrated that Plaintiff's mental condition had been the same since 2000. Accordingly, Plaintiff's substantial gainful activity from 2000 through 2003 undermined his allegations of debilitating anxiety and back pain.

     The ALJ reasonably found that Plaintiff's anxiety was effectively treated with medication. On numerous occasions, Plaintiff reported he felt better with medication. Despite this improvement on medication, the Plaintiff was often noncompliant in taking his medications. The ALJ noted the Plaintiff's transient lifestyle led to noncompliance. Plaintiff argues his noncompliance was excusable as he could not afford the prescribed medications. However, the record indicates that Plaintiff repeatedly failed to pursue low cost or free services offered to him. SSR 96-7p, 1996 WL 374186, *8. Plaintiff also argues that the ALJ did not consider the side effects of his medication. However, neither the medical record nor Plaintiff's testimony support the existence of side effects.

Finally, the ALJ considered his "personal observations in the overall evaluation of the credibility of the [Plaintiff's] statements." SSR 96-7p, 1996 WL 374186, *8. The ALJ noted that Plaintiff presented at the hearing as being confident, relaxed, calm, and capable of holding down the unskilled, low demand, low stress jobs cited by the vocational expert. The ALJ reasonably found that this also a factor that undermined Plaintiff's credibility.

The Court finds that the ALJ's credibility finding is supported by substantial evidence and free of legal error.

### B. Severe Impairments

Plaintiff argues that the ALJ erred in not finding that his back problems were a severe impairment at step two of the sequential evaluation process. But the ALJ did not screen out Plaintiff's case at step two. Here, the ALJ found that Plaintiff had several other severe impairments and continued to the subsequent steps of the sequential process to evaluate the impact of all of Plaintiff's impairments in combination. Thus, any alleged error at step two was harmless. *See Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (any error at step two was harmless where the ALJ determined that the claimant could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation process).

### C. Listings Analysis

Plaintiff asserts that the ALJ failed to indicate why he did not meet the "paragraph B" criteria of the evaluated listings. On the contrary, the ALJ specifically explained in a separate paragraph of his decision that Plaintiff did not satisfy the "paragraph B" criteria because he had only mild to moderate limitations in the four broad areas of functioning. Additionally, the ALJ's decision identified the relevant listings (12.04, 12.06, and 12.08). Here, the ALJ's discussion of the listings permits a meaningful review of his considerations. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).

4

### D. Residual Functional Capacity Findings

Plaintiff argues that his physical abilities equated to less than the sedentary exertional level. The medical records do not support Plaintiff's allegation. In 1998 and 1999, Plaintiff experienced back problems as a result of an accident. He sought substantial treatment, including surgery in July 1999. The records indicate that the surgery successfully mitigated his back pain. Indeed, in 2006, Plaintiff stated that he only experienced back pain when he had an anxiety attack. At the hearing in December 2007, Plaintiff stated that his back pain had improved since 2006.

The ALJ's residual functional capacity findings included the following nonexertional limitations: low stress, infrequent contact with people, minimal changes in the work setting, low concentration, simple unskilled instructions and tasks, and simple judgments and work-related decisions. Plaintiff maintains that the ALJ ignored three "moderate" ratings made by a state agency physician Nancy Cohn, Ph.D., in her assessment of the "paragraph B" criteria of the listings. However, the "paragraph B" criteria of the listings, used at steps two and three, are distinct from a mental residual functional capacity assessment. *See* SSR 96-8p, 1996 WL 374184, *4; *Fries v. Chater*, 1997 WL 31561, *2 (10th Cir. Jan. 28, 1997) (unpublished). Significantly, Dr. Cohn also completed a mental residual functional capacity assessment form with more detailed findings as to Plaintiff's abilities to perform work-related activities. The ALJ relied upon these more detailed, and more relevant, findings by Dr. Cohn. Plaintiff further argues that the ALJ ignored 13 moderate ratings on Dr. Cohn's mental residual functional capacity assessment form. However, Plaintiff cites to portions of the evaluation form that are preliminary considerations, not conclusions. *See* Social Security Administration Program Operations Manual System ("POMS") DI 24510.061.A, 2001 WL 1933368. The third section of the form "is for recording the formal narrative mental [residual functional capacity]

assessment." POMS DI 24510.065.A, 2001 WL 1933372. In section three, Dr. Cohn translated her severity ratings into conclusions in a narrative assessment. *See id.* The ALJ's residual functional capacity findings were consistent with Dr. Cohn's narrative opinions in her residual functional assessment. The ALJ adequately accounted for Plaintiff's mental limitations, including his concentration difficulties.

This Court finds that the ALJ's residual functional capacity findings are supported by substantial evidence.

### E. Medical Opinions

Next, the Plaintiff alleges that the ALJ did not properly weigh the treating physicians' opinions. Only one opinion by a treating physician is in the record–Dr. Longenecker's May 2003 opinion. On a form, Dr. Longenecker indicated Plaintiff had periodically been unable to work due to back spasms and anxiety. However, Dr. Longenecker did not identify specific functional limitations and he left the "Mental Disorders" section of the form blank, noting only that Plaintiff needed a mental health evaluation. Dr. Longenecker's opinion was brief and conclusory, and concerned an issue reserved to the Commissioner. Finally, Dr. Longenecker's treatment notes indicated that he did not believe that Plaintiff's back issues prevented work. For all these reasons, the ALJ could reasonably give the opinion little weight.

Additionally, contrary to Plaintiff's allegations, state agency physician Dr. Cohn found he was capable of work activity, consistent with the ALJ's conclusion.

Here, the Court finds that substantial evidence supports the ALJ's consideration and weighing of the medical opinions.

### F. Development of the Record

Plaintiff asserts that the ALJ failed to properly develop the record, but it is unclear exactly what evidence Plaintiff contends that the ALJ should have sought. The ALJ has a basic

obligation to ensure that an adequate record is developed at the disability hearing consistent with the material issues presented by the claim. *Hawkins v. Chater*, 113 F.3d 1162, 1168 (10th Cir. 1997). However, it remains the claimant's burden to provide evidence and establish that he was disabled. 20 C.F.R. § 416.1512(c), *Dixon v. Heckler*, 811 F.2d 506, 510 (10th Cir. 1987).

Plaintiff appears to argue that the ALJ should have ordered a consultative evaluation as to his intellectual functioning. However, at the hearing, the ALJ offered counsel the opportunity to send Plaintiff for a consultative examination for assessment of his intellectual functioning and counsel declined the offer. The ALJ was entitled to rely upon counsel's affirmative representations that a consultative examination was not necessary. *See Maes v. Astrue*, 522 F.3d 1093, 1097 (10th Cir. 2008) (the ALJ is entitled to rely upon claimant's counsel to structure and present claimant's claims in a way that the claimant's claims are adequately explored). The ALJ did not err in failing to order a consultative examination as Plaintiff declined his offer to undergo a consultative examination.

## II.     Remand Under Sentence Six

After the parties had briefed the merits of this case, Plaintiff submitted additional evidence to this Court including: (A) an August 6, 2010 notice of a favorable decision finding Plaintiff disabled as of August 20, 2008; and (B) an October 11, 2004 Psychological Evaluation Report by Ralph Grant, Ph.D. At oral argument, Plaintiff requested that the Court consider this evidence in assessing his request for remand. This Court may consider this evidence only under sentence six of Section 405(g).

Under sentence six, remand is appropriate where "new" and "material" evidence comes to light, and there is "good cause" for failing to incorporate such evidence in the earlier administrative proceeding. 42 U.S.C. 405(g); *Nguyen v. Shalala*, 43 F.3d 1400, 1403 (10th Cir. 1994). Thus, Plaintiff must demonstrate that the evidence is "new," "material," and there was

good cause for failing to submit it during the administrative proceedings. Evidence is "material" if "the new evidence would have changed the [Commissioner's] decision had it been before him." *Hargis v. Sullivan*, 945 F.2d 1482, 1493 (10th Cir. 1991). Implicit in this requirement is that the proffered evidence relate to the time period for which the benefits were denied. *Id.*

### A. Notice of Subsequent Favorable Decision

The notice of the subsequent favorable decision is not material because it does not relate to the time period at issue in this case. *See Hargis*, 945 F.2d at 1493. The relevant time period in this case extends from April 2005 (when Plaintiff filed the applications currently under review), until May 27, 2008, when the administrative law judge denied those applications. Plaintiff filed a subsequent application for Title XVI supplemental security income on August 20, 2008. The subsequent favorable decision, issued in August 2010, finds that Plaintiff was disabled ***as of August 20, 2008*** – three months after the relevant time period at issue here. The notice proffered by the Plaintiff provides no information concerning the rationale, reasoning, or the evidentiary basis for the subsequent favorable decision. A subsequent award of benefits, standing alone, does not justify remand. *See e.g*, *Allen v. Comm'r of Soc. Sec.,* 561 F.3d 646, 654 (6th Cir. 2009) (for remand based upon a subsequent determination, Plaintiff must, inter alia, "show new substantive evidence that might have changed the outcome of the prior proceeding").

### B. Dr. Grant's October 2004 Report

Dr. Grant's report summarizes an interview with Plaintiff, the results of intelligence testing and a personality inventory, diagnoses, and Dr. Grant's opinions as to the optimal treatment, training, and placement of Plaintiff. While this report is dated more than three years prior to the December 2007 hearing before the ALJ, Plaintiff did not submit this report to either the ALJ or the Appeals Council.

At the September 17, 2010 hearing, Plaintiff argued that there was good cause for failing

to submit Dr. Grant's report. Plaintiff's counsel alleged that she did not know of the existence of Dr. Grant's report until May 2010 when Plaintiff told her it existed. This does not satisfy the requirement to show "good cause" for failing to submit the document during the administrative proceedings. Counsel did not explain why she could not have discovered the report sooner. Plaintiff bore the burden of proving her disability, and her representative had the obligation to "obtain the information and evidence that the claimant wants to submit in support of [his] claim." 20 C.F.R. § 404.1740(b)(1).

Regardless, Plaintiff has failed to demonstrate that Dr. Gant's opinion was material and would have changed the ALJ's decision. First, Dr. Gant's opinion is likely not entitled to great weight. It appears that Dr. Gant examined Plaintiff only once and did not review any medical records. Dr. Gant's report is be largely based upon Plaintiff's subjective reports, which are unreliable. Further, Dr. Gant's report as not as definitive as Plaintiff suggests. Dr. Gant does not purport to make definitive diagnoses. Dr. Gant notes that, "Because of [Plaintiff's] psychiatric history, including medications, a psychiatric consult is urged." Additionally, the report indicates that Plaintiff has an average IQ–which is inconsistent with Plaintiff's claim that he has deficits in his intellectual functioning.

## CONCLUSION

The Court finds that the Commissioner's decision is supported by substantial evidence and free of legal error, and the Court AFFIRMS the Commissioner's decision. The Clerk of the Court is directed to close this case.

It is so ordered.

Dated this 24th day of September, 2010

BY THE COURT:

_____
Honorable Dale A. Kimball
United States District Court Judge